UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| **TIMOTHY and** | |
| **DIANE CARLSON** | **CIVIL ACTION NO. 6:12CV2109** |
| | |
| **VERSUS** | **JUDGE: DOHERTY** |
| | |
| | **MAGISTRATE: HANNA** |
| | |
| **LOUIS ACKAL, individually and** | |
| **in his official capacity as the Sheriff** | |
| **of the Iberia Parish Sheriff's Office,** | |
| **THE CITY OF NEW IBERIA,** | |
| **and Officers Bryon Lassalle and** | |
| **Jason Comeaux, both individually and** | |
| **in their official capacity as sworn** | **JURY DEMANDED** |
| **deputies of the Iberia Parish Sheriff's Office** | |

## AMENDED COMPLAINT FOR DAMAGES

TO THE HONORABLE, THE UNITED STATES DISTRICT COURT IN AND FOR THE WESTERN DISTRICT OF LOUISIANA, LAFAYETTE-OPELOUSAS DIVISION:

### INTRODUCTION

This is an action for money damages brought pursuant to 42 U.S.C. ''1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution, and under the laws of Louisiana against Louis Ackal, individually and in his official capacity as the Sheriff of the Iberia Sheriff's Office, Bryon Lassalle and Jason Comeaux, both individually and in their official capacity as sworn deputies of the Iberia Parish Sheriff's Office.

### JURISDICTION

1.

Jurisdiction is founded on 28 U.S.C. 1331, 1343, 2201, 2202. The plaintiff further invokes jurisdiction of this Honorable Court, under 28 U.S.C. 1367 to adjudicate claims arising under the

Laws of the State of Louisiana including but not limited to Article 2315, et seq, of the Louisiana Civil Code and Article I, Sections 2, 3, 5 and 12 of the Louisiana Constitution of 1974.

## VENUE

2.

Venue lies in this Court under 28 USC '1391(b)(2), as the events giving rise to this claim occurred within this judicial district.

## PARTIES

3.

Complainant, **DIANE CARLSON**, is a person of the full age of majority and a resident of Iberia Parish, Louisiana.

Complainant, **TIMOTHY CARLSON**, is a person of the full age of majority and a resident of Iberia Parish, Louisiana.

4.

Made defendants herein are the following:

(1) **LOUIS ACKAL**, individually and in his capacity as a duly commissioned Sheriff of the Iberia Parish Sheriff's Office, acting under Color of Law and under color of the statutes, ordinances, regulations, polices, customs and uses of the City of New Iberia, who can be served at his place of employment, the Iberia Parish Sheriff's Office, 300 Iberia Street, Suite 120, New Iberia, LA 70560

(2) **BYRON LASSALLE**, individually and in his official capacity as a sworn deputy of the Iberia Parish Sheriff's Office, acting under Color of Law and under color of the statutes, ordinances, regulations, polices, customs and uses of the City of New Iberia, who can be served at his place of employment, the Iberia Parish Sheriff's Office, 300 Iberia Street, Suite 120, New Iberia, LA 70560.

(3) **JASON COMEAUX**, individually and in his official capacity as a sworn deputy of the Iberia Parish Sheriff's Office, acting under Color of Law and under color of the statutes, ordinances, regulations, polices, customs and uses of the City of New Iberia, who can be served at his place of employment, the Iberia Parish Sheriff's Office, 300 Iberia Street, Suite 120, New Iberia, LA 70560.

5.

The right of jury trial is herein requested under the Federal Rules of Civil Procedure.

**FACTS**

6.

On or about August 8, 2011, Diane Carlson was at her home, located at 1415 Pelican Street, New Iberia Louisiana, with several members of her family when Officers from the Iberia Parish Sheriff's Office drove up to her residence.

7.

The Officers did not have a search warrant to enter and search Diane Carlson's home.  They stated that they were looking for a person named "Megan," who is Mrs. Carlson's niece.  Megan did not reside at the Carlson residence, but rather was temporarily staying there.

8.

Once the Officers identified Megan, they asked her to search her belongings for narcotics, which were located in a room she was staying in at the Carlson residence.  She informed them that the item she owned inside the home was one pink bag with white polka dots, and she gave them consent to search her bag.

9.

Although the Officers of the Iberia Sheriff's Office did not have permission from an owner of the residence, several of them entered Mrs. Carlson's home again and began searching the entire bedroom where Megan's belongings were located for narcotics.  Although they only had permission to search Megan's one bag in the residence, the Officers looked through other bags, drawers, and the closet, and also moved ceiling panels, which they did not have probable cause to search.

10.

During this time, several other Officers were located throughout the entire Carlson residence. At no time did the Officers inform Mrs. Carlson as to why an investigation was taking place in her home, despite her continuous requests for explanation.

11.

Mrs. Carlson, who has no criminal record, became very distressed and upset at this invasion of her home, and demanded an explanation from the Officers standing in her dining room. Mrs. Carlson asked to go to the back of the home where the search was taking place. The Officers blocked Mrs. Carlson off from the area of her home where the Officers were searching, and attempted to make her exit her residence.

12.

Mrs. Carlson refused, and as she was attempting to walk towards the back of her home, Officer Jason Comeaux of the Iberia Parish Sheriff's Office, pushed Mrs. Carlson back into the room. As she tried to walk past the Officer again, Dianne Carlson placed her hands on his forearm and asked Officer Comeaux not to put his hands on her again.

13.

At which time, Officer Byron Lassalle of the Iberia Parish Sheriff's Office, who was standing behind Mrs. Carlson at that time, screamed "I'm not getting out! This is my mother-f**king house! I'm going to seize it! No b***h, you are getting out!" Officer Lassalle then grabbed Mrs. Carlson, an elderly woman, slammed her body against a freezer, and pushed her out of the door while pulling her hair and snapping her neck back, causing Mrs. Carlson excruciating pain.

14.

Officer Lassalle then threw Mrs. Carlson down on the ground of her front yard and twisted her left arm.  At that time, Officer Lassalle again pulled her neck back using her hair as she was on the ground, and screamed "Quit resisting arrest!," although Mrs. Carlson was clearly helpless at this point.

15.

As he dug his knee into her back, another Officer attempted to stop him by saying "Hey, you're handling a woman."  In reply, Officer Lassalle screamed "I don't care what I'm handling. Bring me my mother-f**king cuff, cause this f**king b***h is going to jail!"

16.

Officer Lassalle then cuffed Mrs. Carlson, and took her to the Iberia Parish Jail on a charge of battery of a police Officer.

17.

Iberia Parish Sheriff's office only obtained a search warrant subsequent to the search of her home and the arrest and detainment of Diane Carlson.

18.

Further, the Iberia Parish Sheriff's Office later informed Mrs. Carlson that they will be dropping her criminal charge of battery of an Officer, but only if she agrees not to file suit for the unreasonable and excessive force used against her at her home that day.

19.

At all times material hereto, the police Officers who searched the Carlson home and detained Mrs. Calrson, in their individual capacities and as duly commissioned law enforcement Officers for the Iberia Parish Sheriff's Office, were acting under color of law, while employed, controlled and supervised by the defendants, Louis Ackal, Sheriff of the Iberia Parish Sheriff's Office, did deprive plaintiff, Diane Carlson, of her right to be free from unlawful and false arrest, from unreasonable

violence and brutality to her body, from unreasonable search and seizure of her property and effects, persons and body, and from false and unlawful imprisonment.

20.

At all times material hereto, the police Officers who searched the Carlson home and detained Mrs. Calrson, in their individual capacities and as duly commissioned law enforcement Officers for the Iberia Parish Sheriff's Office, were acting under color of law, while employed, controlled and supervised by the defendant, Louis Ackal, Sheriff of the Iberia Parish Sheriff's Department, did deprive plaintiff, Timothy Carlson, of his right to be free from unreasonable search and seizure of his property and effects.

21.

At all times during the defense described above, the defendant police Officers engaged in a personal venture. The individual Officer performed the various actions described and let his physical presence and support and the authority of his office during the said events.

22.

As a direct and proximate result of the said incidents by the defendants, plaintiff, Diane Carlson, suffered the following injuries and damages:

(a) Violation of her constitutional rights under the Fourth and Fourteenth Amendments of the United States Constitution to be free from an unreasonable search and seizure of her person;

(b) Loss of her physical liberty; and,

(c) Physical pain and suffering and emotional trauma and suffering requiring expenditure of money for treatment.

23.

As a direct and proximate result of the said incidents by the defendants, plaintiff, Timothy Carlson, suffered the following injuries and damages:

    (a)    Violation of his constitutional rights under the Fourth and Fourteenth Amendments of the United States Constitution to be free from an unreasonable search and seizure of his person; and

    (b)    Emotional trauma and suffering.

24.

Plaintiffs specifically allege that the defendants' conduct was a conspiracy consisting of the aforementioned defendants to deny plaintiffs their civil rights and that the defendants' actions were perpetrated under color of state law and therefore plaintiffs are entitled to bring this action under 42 U.S.C. 1983, 1985 and under the applicable state statutes.

25.

The actions of the defendants violated the following, clearly established and well-settled federal constitutional rights of Timothy and Diane Carlson to be:

    (a)    Freedom from the unreasonable seizure of her person; and,

    (b)    Freedom from the use of excessive and unreasonably justified force against her person.

    (c)    Freedom from the illegal search and seizure of their personal and real property without permission or consent of plaintiffs.

## COUNT ONE:
## 42 U.S.C. '1983 AGAINST INDIVIDUAL DEFENDANT

26.

Paragraphs 1 through 25 are incorporated herein by reference as though fully set forth.

27.

Plaintiffs, Timothy and Diane Carlson, claim damages for the injuries set forth above under 42 U.S.C. '1983 against the defendants, Louis Ackal, in his individual capacity and as duly commissioned law enforcement Officer for the Iberia Parish Sheriff's Office, Bryon Lassalle and Jason Comeaux, both individually and in their official capacity as sworn deputies of the Iberia Parish Sheriff's Office, for violation of his constitutional rights under Color of Law.

## COUNT TWO:
## ASSAULT AND BATTERY AGAINST INDIVIDUAL DEFENDANT

28.

Paragraphs 1 through 25 are incorporated herein by reference as though fully set forth.

29.

Defendant, through its Officers Bryon Lassalle and Jason Comeaux, both individually and in their official capacity as sworn deputies of the Iberia Parish Sheriff's Office, assaulted and battered Diane Carlson. At all times, said Officers were employed by Louis Ackal, Sheriff of the Iberia Parish Sheriff's Office.

30.

As a result of the assault and battery, plaintiff, Diane Carlson suffered damages as aforesaid.

## COUNT THREE:
## FALSE ARREST AND ILLEGAL IMPRISONMENT
## AGAINST INDIVIDUAL DEFENDANTS

31.

Paragraphs 1 through 25 are incorporated herein by reference as though fully set forth.

32.

Defendants, Bryon Lassalle and Jason Comeaux, illegally arrested and illegally imprisoned Diane Carlson. At all times, said Officers were employed by Louis Ackal, Sheriff of the Iberia Parish Sheriff's Office.

33.

As a result of this false arrest and illegal imprisonment, plaintiff, Diane Carlson, suffered the damages as aforesaid.

## COUNT FOUR:
## 42 U.S.C. '1983 AGAINST IBERIA PARISH SHERIFF'S OFFICE

34.

Paragraphs 1 through 25 are incorporated herein by reference as though fully set forth.

35.

Prior to August 8, 2011, the Iberia Parish Sheriff's Office developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of the people of the City of New Iberia which caused the violation of Timothy and Diane Carlson's rights.

36.

It was the policy and/or custom of the Iberia Parish Sheriff's Office to inadequately and improperly investigate citizen complaints of police misconduct and the acts of misconduct.

37.

It was the policy or custom of the Iberia Parish Sheriff's Office to inadequately supervise and/or train its police Officers including the defendant Officers, Bryon Lassalle and Jason Comeaux, thereby failing to adequately discourage further constitutional violations on the part of its police Officers.

38.

The Iberia Parish Sheriff's Office did not require appropriate in service training or retraining of Officers who were known to have engaged in police misconduct.

39.

As a result of the above described policies and/or customs, police Officers, Bryon Lassalle and Jason Comeaux of the Iberia Parish Sheriff's Office, including the defendant Louis Ackal, believed that their actions would not be properly monitored by supervisory Officers and that misconduct would not be investigated or sanctioned.

40.

The above described policies and customs demonstrate a deliberate indifference on the part of policy makers of the Iberia Parish Sheriff's Office to the constitutional rights of persons within the City of New Iberia and were the cause of the violations of plaintiffs rights alleged herein.

## COUNT FIVE

41.

Paragraphs 1 through 25 are incorporated herein by reference as though fully set forth.

42.

Further, plaintiff specifically alleges defendants, Louis Ackal, individually and in his official capacity, condoned the establishment of practices, procedures, customs, and policies, written and unwritten, which allowed the deprivation of plaintiffs constitutional rights as set out herein. Such written and unwritten practices, procedures, customs, and policies include but are not limited to:

    (a)    Inadequate and improper training, education, supervision, and discipline of law enforcement agents/officers/deputies commissioned and employed by him;

    (b)    Condoning and allowing police behavior that has been declared unconstitutional and unlawful; and,

    (c)    Inadequate and improper procedures, policies and practices for identifying and taking appropriate action against law enforcement agents/officers/deputies and employees who are in need of re-training, corrective measures, re-assignment, or other disciplinary and non-disciplinary actions through a positive and early warning system designed to prevent the violations of citizens constitutional and civil rights, including those of plaintiffs.

43.

As a result of their unlawful and unconstitutional conduct, defendants, Louis Ackal, in his individual capacity and in his official capacity as Sheriff for the Iberia Parish Sheriff's Office, Bryon Lassalle and Jason Comeaux, both individually and in their official capacity as sworn deputies of the Iberia Parish Sheriff's Office, jointly, individually and *in solido,* deprived plaintiffs and conspired to deprive plaintiffs of their liberty without due process of law and in violation of the Fourth Amendment and Fourteenth Amendment and 42 U.S.C. 1983. Said defendants are liable, individually, jointly and *in solido,* unto plaintiffs for such damages, including past, present and future

pain and suffering, past, present and future mental anguish, past, present and future medical expenses, punitive damages and attorneys fees. The actions of Officers Bryon Lassalle and Jason Comeaux to plaintiffs are imputed to defendant, Sheriff Louis Ackal, as their employer and said defendants are liable to plaintiffs jointly, individually and *in solido* for such damages.

44.

The malicious actions, lack of actions, breach of duties, negligence and gross negligence of defendants individually and/or together caused humiliation, loss of freedom, illegal search, invasion of privacy and malicious prosecution, excessive force, false arrest and false imprisonment to your plaintiffs and constitute wrongful and intentional torts under Louisiana Civil Code Article 2315, and constitutional torts under the Louisiana Constitution of 1974, Article I, Sections 2, 3, 5, and 12.

45.

The defendant, Sheriff Louis Ackal, individually and officially, acted in violation of Louisiana Civil Code Article 2315 by negligent hiring, training, supervision and disciplining of the defendants.

46.

The defendant, Sheriff Louis Ackal, acted in violation of Article 2315 of the Louisiana Civil Code acting with negligence and gross negligence in failing to prevent unconstitutional ordinances being enforced against plaintiff and others.

47.

As a direct and proximate cause of the negligence and intentional acts, and constitutional torts and violations of plaintiffs civil rights under 42 U.S.C. 1983, 1985 and 1986 and the First, Fourth, Ninth and Fourteenth Amendments to the Constitution of the United States of America and violations of his rights under the Constitution of the State of Louisiana of 1974 and the Statutes thereof imposed upon plaintiffs by defendants, individually and/or collectively, as set forth herein

above, plaintiff suffered extreme prejudice, unlawful detention and seizure of his person, property and effects, unlawful imprisonment and severe mental anguish.

**WHEREFORE**, plaintiffs, Timothy and Diane Carlson, pray that a jury trial be had as to the issues triable by jury;  that compensatory damages including but not limited to past, present and future pain and suffering, past, present and future mental anguish, past, present and future medical expenses to be fixed by a jury against the defendants, individually, jointly and *in solido,* be awarded; that punitive damages to be fixed by a jury against the defendants, individually, jointly and *in solido,* be awarded; that all costs of this action be assessed against the defendants, individually, jointly and *in solido*; that attorneys fees be awarded herein to plaintiffs and that such attorneys fees be assessed against the defendants, individually, jointly and *in solido*; and, for any and all other relief that this Court deems just and proper.

                                                            s/L. Clayton Burgess
L. CLAYTON BURGESS (22979)
DAVID F. RUTLEDGE   (33639)
Attorneys for plaintiffs
L. Clayton Burgess, A P.L.C.
605 West Congress Street
Lafayette, Louisiana  70501
Telephone:  (337) 234-7573
Facsimile:  (337) 233-3890
E-mail:  lcburgess@clayburgess.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 31, 2012, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

                                        s/L. Clayton Burgess
                                        L. CLAYTON BURGESS